UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARL B. COLLINS AND FARZIN DAVANLOO, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | Case No. _____ **JURY TRIAL DEMANDED** |
| WESTERN DIGITAL TECHNOLOGIES, INC., SEAGATE TECHNOLOGY, SEAGATE TECHNOLOGY LLC, FUJITSU LIMITED, FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., BUFFALO INC., BUFFALO TECHNOLOGY (USA), INC., EMC CORPORATION, IMATION CORP., LA CIE, S.A., LA CIE, LTD., SYSTEMAX, INC., COMPUSA.COM INC., J & R ELECTRONICS, INC., AND TIGERDIRECT, INC., | § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Carl B. Collins and Farzin Davanloo ("Plaintiffs") and file this Original Complaint against Western Digital Technologies, Inc., ("Western Digital"), Seagate Technology ("Seagate"), Seagate Technology LLC ("Seagate LLC") (collectively, Seagate and Seagate LLC shall be referred to as the "Seagate Defendants"),

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 1**

Fujitsu Limited ("Fujitsu"), Fujitsu Computer Products Of America, Inc. ("Fujitsu Computer Products") (collectively, Fujitsu and Fujitsu Computer Products shall be referred to as the "Fujitsu Defendants"), Hitachi, Ltd. ("Hitachi"), Hitachi America, Ltd. ("Hitachi America"), Hitachi Global Storage Technologies, Inc. ("Hitachi Global Storage") (collectively, Hitachi, Hitachi America, and Hitachi Global Storage shall be referred to as the "Hitachi Defendants"), Toshiba Corporation ("Toshiba"), Toshiba America, Inc. ("Toshiba America"), Toshiba America Information Systems, Inc. ("Toshiba American Information") (collectively, Toshiba, Toshiba America, and Toshiba American Information shall be referred to as the "Toshiba Defendants"), Buffalo Inc. ("Buffalo"), Buffalo Technology (USA), Inc. ("Buffalo Technology") (collectively, Buffalo and Buffalo Technology shall be referred to as the "Buffalo Defendants"), EMC Corporation ("EMC"), Imation Corp. ("Imation"), La Cie, S.A. ("La Cie"), La Cie, Ltd. ("La Cie USA") (collectively, La Cie and La Cie USA shall be referred to as the "La Cie Defendants"), Systemax, Inc. ("Systemax"), Compusa.com Inc. ("CompUSA"), J & R Electronics, Inc. ("J & R Electronics), and TigerDirect, Inc. ("TigerDirect"), and for claims upon which relief may be granted, respectfully allege as follows:

## I.        PARTIES AND SERVICE OF CITATION

1.        Carl B. Collins is a natural person and United States citizen having a principal residence at 1216 Glen Cove, Richardson, Texas 75080.  Carl B. Collins is a Professor at The University of Texas at Dallas, located at 800 West Campbell Road, Richardson, TX 75080, in this judicial district.

2.        Farzin Davanloo is a natural person and United States citizen having a principal residence at 5724 Twin Brooks Dr., Dallas, Texas 75252, in this judicial

district.  Farzin Davanloo is a Research Scientist at The University of Texas at Dallas, located at 800 West Campbell Road, Richardson, TX 75080, in this judicial district.

3.      Western Digital is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 20511 Lake Forest Dr., Lake Forest, California 92630.  Western Digital maintains Worldwide Sales Offices in Austin, Dallas, and Houston, Texas.  The cause of action against Western Digital in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Western Digital (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Western Digital may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.      Seagate is a foreign company duly organized under the laws of the Cayman Islands and having principal executive offices in Ugland House, Grand Cayman KY1-1104, Cayman Islands.  The cause of action against Seagate in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, Seagate, individually and through its subsidiary Seagate LLC, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Seagate may be served with process in this action by providing service in a manner permitted by the law governing service in the Cayman Islands.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 3**

5.      Seagate LLC is a limited liability company duly organized under the laws of Delaware and having corporate offices located at 920 Disc Drive, Scotts Valley, California 95066.  The cause of action against Seagate in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Seagate (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Seagate may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

6.      Fujitsu is a foreign company duly organized under the laws of Japan and having its corporate headquarters at Shiodome City Center, 1-5-1 Higashi-Shimbashi, Minato-ku, Tokyo, 105-7123 Japan.  The cause of action against Fujitsu in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Fujitsu, individually and through its subsidiaries Fujitsu America and Fujitsu Computer Products, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Fujitsu may be served with process in this action by providing service in a manner permitted by the law governing service in Japan.

7.      Fujitsu Computer Products is a corporation duly organized under the laws of the State of California and having its principal place of business at 1250 E. Arques Avenue, Sunnyvale, California 94085.  The cause of action against Fujitsu Computer Products in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Fujitsu Computer Products

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 4**

(a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Fujitsu Computer Products may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

8.      Hitachi is a foreign company duly organized under the laws of Japan and having its principal office at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan.  The cause of action against Hitachi in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Hitachi, individually and through its subsidiaries Hitachi America and Hitachi Global Storage, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Hitachi may be served with process in this action by providing service in a manner permitted by the law governing service in Japan.

9.      Hitachi America is a corporation duly organized under the laws of the State of New York and having its principal executive office at 50 Prospect Ave., Tarrytown, New York 10591.  The cause of action against Hitachi America in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Hitachi America, individually and through its affiliate Hitachi Global Storage, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Hitachi America may be served with process by serving its registered agent, Prentice Hall Corp. System, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 5**

10.     Hitachi Global Storage is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 3403 Yerba Buena Road, San Jose, California 95193.  The cause of action against Hitachi Global Storage in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Hitachi Global Storage (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Hitachi Global Storage may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

11.     Toshiba is a foreign company duly organized under the laws of Japan and having its principal office at 1-1 Shibaura 1-chome, Minato-ku, Tokyo 105-8001 Japan. The cause of action against Toshiba in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Toshiba, individually and through its subsidiaries Toshiba America and Toshiba American Information, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Toshiba may be served with process in this action by providing service in a manner permitted by the law governing service in Japan.

12.     Toshiba America is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York 10020.  The cause of action against Toshiba America in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district,

Toshiba America, individually and through its affiliate Toshiba American Information (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, Toshiba America may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on Toshiba America, (2) Toshiba America engaged in business in Texas, (3) Toshiba America does not maintain a regular place of business in Texas, (4) Toshiba America does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from Toshiba America's business in Texas.  Upon information and belief, Toshiba America's "home office" is located at:  1251 Avenue of the Americas, Suite 4110, New York, New York 10020.   Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to Toshiba America's home office at: Toshiba America, Inc., Attn: Masahiro Fukakushi, CEO, 1251 Avenue of the Americas, Suite 4110, New York, New York 10020.

13.     Toshiba American Information is a corporation duly organized under the laws of the State of California and having its principal place of business at 9740 Irvine Blvd., Irvine, California 92618.   The cause of action against Toshiba American Information in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Toshiba American Information (a) manufactures, uses, sells or offers to sell the infringing products, (b)

induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Toshiba American Information may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

14.     Buffalo is a foreign company duly organized under the laws of Japan and having its headquarters at 4-15, Shibata Hondori, Minami-ku, Nagoya, Aichi Prefecture, Japan. The cause of action against Buffalo in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Buffalo, individually and through its subsidiary Buffalo Technology, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Buffalo may be served with process in this action by providing service in a manner permitted by the law governing service in Japan.

15.     Buffalo Technology is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 4030 West Braker Lane, Suite 120, Austin, Texas 78759. The cause of action against Buffalo Technology in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, Buffalo Technology (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Buffalo Technology may be served with process by serving its registered agent, Takayuki Nishioka, at 11100 Metric Blvd., Suite 750, Austin, Texas 78758.

16.     EMC is a corporation duly organized under the laws of the State of Massachusetts and having its principal place of business at 176 South Street, Hopkinton, Massachusetts 01748.  The cause of action against EMC in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, EMC (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  EMC may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

17.     Imation is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 1 Imation Way, Oakdale, Minnesota 55128.  The cause of action against Imation in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, Imation (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, Imation may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on Imation, (2) Imation engaged in business in Texas, (3) Imation does not maintain a regular place of business in Texas, (4) Imation does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from Imation's business in Texas.  Upon information and belief, Imation's "home office" is

located at:  1 Imation Way, Oakdale, Minnesota 55128.  Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to Imation's home office at: Imation Corp., Attn: Frank P. Russomanno, CEO, 1 Imation Way, Oakdale, Minnesota 55128.

18.    La Cie is a foreign company duly organized under the laws of France and having its headquarters at 33-41 Boulevard du General Martial Valin, 75015 Paris France.  The cause of action against La Cie in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas, La Cie, individually and through its subsidiary La Cie USA, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  La Cie may be served with process in this action by providing service in a manner permitted by the law governing service in France.

19.    La Cie USA is a corporation duly organized under the laws of the State of Oregon and having its principal place of business at 22985 NW Evergreen Pkwy, Hillsboro, Oregon 97124.  The cause of action against La Cie USA in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, La Cie USA (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, La Cie USA may be served with process by serving the

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 10**

Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on La Cie USA, (2) La Cie USA engaged in business in Texas, (3) La Cie USA does not maintain a regular place of business in Texas, (4) La Cie USA does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from La Cie USA's business in Texas.  Upon information and belief, La Cie USA's "home office" is located at:  22985 NW Evergreen Pkwy, Hillsboro, Oregon 97124.  Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to La Cie USA's home office at: La Cie, Ltd., Attn: Phillippe Spruch, President, 22985 NW Evergreen Pkwy, Hillsboro, Oregon 97124.

20.     Systemax is a corporation duly organized under the laws of the State of Delaware and having its principal place of business at 11 Harbor Park Drive, Port Washington, New York 11050.  The cause of action against Systemax in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, Systemax, individually and through its subsidiaries CompUSA and TigerDirect, (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, Systemax may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on Systemax, (2) Systemax engaged in business in Texas,

(3) Systemax does not maintain a regular place of business in Texas, (4) Systemax does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from Systemax's business in Texas.  Upon information and belief, Systemax's "home office" is located at:  11 Harbor Park Drive, Port Washington, New York 11050. Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to Systemax's home office at: Systemax, Inc., Attn: Richard Leeds, CEO, 11 Harbor Park Drive, Port Washington, New York 11050.

21.    CompUSA is a corporation duly organized under the laws of the State of Florida and having its principal place of business at 7795 West Flagler Street, Suite 35, Miami, Florida 33144.   Until early 2008, CompUSA's principal office and place of business was located at 14951 Dallas Parkway, Dallas, Texas 75254.   CompUSA continues to operate a retail store located at 721 Central Expressway, Collin Creek Village, Plano, Texas 75075 ("store #731"), in this judicial district.  The cause of action against CompUSA in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, CompUSA (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, CompUSA may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on CompUSA, (2) CompUSA engaged in business in Texas, (3) CompUSA does

not maintain a regular place of business in Texas, (4) CompUSA does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from CompUSA's business in Texas.  CompUSA has provided the State of Florida Department of State with the following address as its "principal address," and such address shall also be considered its "home office":  11 Harbor Park Drive, Port Washington, New York 11050.  Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to CompUSA's home office at: CompUSA.com Inc., Attn: Richard Leeds, President, 11 Harbor Park Drive, Port Washington, New York 11050.

22.     J & R Electronics is a corporation duly organized under the laws of the State of New York and having its principal place of business at 23 Park Row, New York, New York 10038.  The cause of action against J & R Electronics in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, J & R Electronics (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.   Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, J & R Electronics may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on J & R Electronics, (2) J & R Electronics engaged in business in Texas, (3) J & R Electronics does not maintain a regular place of business in Texas, (4) J & R Electronics does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from J & R

Electronics' business in Texas.  J & R Electronics has provided the State of New York Department of State with the following address as its "principal executive office," and such address shall also be considered its "home office":  23 Park Row, New York, New York 10038.  Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to J & R Electronics' home office at: J & R Electronics Inc., Attn: Rachelle Friedman, CEO, 23 Park Row, New York, New York 10038.

23.    TigerDirect is a corporation duly organized under the laws of the State of Florida and having its principal place of business at 7795 West Flagler Street, Suite 35, Miami, Florida 33144.  The cause of action against TigerDirect in this Complaint arose from or is connected with purposeful acts committed by this Defendant in Texas because, within the State of Texas and/or this judicial district, TigerDirect (a) manufactures, uses, sells or offers to sell the infringing products, (b) induces others to sell or offer to sell the infringing products, or (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice & Remedies Code, and Art. 2.11 of the Texas Business Corporations Act, TigerDirect may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701, as its substituted agent for service of process because (1) the Secretary of State is the agent for service on TigerDirect, (2) TigerDirect engaged in business in Texas, (3) TigerDirect does not maintain a regular place of business in Texas, (4) TigerDirect does not have a designated agent for service of process in Texas, and (5) this lawsuit arises from TigerDirect's business in Texas.  TigerDirect has provided the State of Florida Department of State with the following address as its "principal address," and such address shall also be considered its "home office":  7795

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 14**

West Flagler, Suite 35, Miami, Florida 33144. Therefore, the Secretary of State shall mail a copy of the summons and this Complaint to TigerDirect's home office at: TigerDirect, Inc., Attn:  Gilbert Fiorentino, CEO, 7795 West Flagler, Suite 35, Miami, Florida 33144.

## II.     NATURE OF ACTION, JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, Title 35 of the United States Code.

25.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Plaintiff Farzin Davanloo resides in Collin County, in this judicial district. The subject matter claimed in the patents at issue was developed in Collin County, in this judicial district, and Plaintiffs both office in this judicial district.   All materials and documents related to the development of the subject matter claimed in the patents at issue are located in Collin County, in this judicial district.   On information and belief, Defendants have transacted business in this judicial district and have committed and/or induced acts of patent infringement in this judicial district.

26.     The claims of the patents at issue were previously construed by the United States District Court for the Eastern District of Texas, Marshall Division, in *Collins et al. v. The Gillette Co.*, No. 2:04-cv-0038-TJW (E.D. Tex.).

27.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to the Texas Long Arm Statute, and consistent with the requirement of due process, due to their infringements alleged herein, regularly doing business or soliciting business, engaging in other persistent courses of conduct,

and/or deriving substantial revenue from goods and services provided to individuals and entities in this State and in this District.   In particular, within this judicial district, Defendants: (a) manufacture, use, sell, or offer to sell, the infringing products, (b) induce others to use, sell or offer to sell the infringing products, or (c) transact other business.

28.     Defendants include manufacturers of infringing products and their established intermediaries that distribute their infringing products throughout the United States, including the Eastern District of Texas.  Defendants Western Digital and Seagate are the top two highest selling manufacturers of hard disk drives in the U.S.   Western Digital and Seagate each have no fewer than thirty-five (35) authorized retailers in the U.S., including Texas-based companies Dell and Radio Shack, and other ubiquitous "big box" retailers.

29.     Defendants have sold and continue to sell their products directly to consumers within the State of Texas and this judicial district or to these intermediaries who, in turn, have sold and continue to sell their infringing products within the State of Texas and this judicial district both in large retail stores and through the internet. Defendants thus knew or reasonably should have known that their infringing products would be sold within the State of Texas and this judicial district.   By reason of Defendants' voluntary introduction of products into the State of Texas and the Eastern District of Texas with the expectation of economic benefit, the notions of fair play and substantial justice are not offended by suing Defendants in this Court.

30.     Furthermore, the web sites for Western Digital, located at http://www.wdc.com, for the Seagate Defendants, located at http://www.seagate.com, for the Fujitsu Defendants, located at http://www.fujitsu.com and http://www.fujitsu.com/us/,

for the Hitachi Defendants, located at http://www.hitachi.com and http://www.hitachigst.com, for the Toshiba Defendants, located at http://www.toshibadirect.com, for the Buffalo Defendants, located at http://www.buffalotech.com, for EMC, located at http://www.emc.com/, for Imation, located at http://www.imation.com, for the La Cie Defendants, located at http://www.lacie.com/us/index.htm, for Systemax, located at http://www.systemax.com, for CompUSA, located at http://www.compusa.com, for J & R Electronics, located at http://www.jr.com, and for TigerDirect, located at http://www.tigerdirect.com, are all fully interactive web sites allowing users to view extensive details concerning the infringing products and to buy the infringing products directly from the web sites.  By virtue of the fact that the infringing products are sold through interactive web sites enabling users to purchase the infringing products directly from any internet-accessible computer in Texas, Defendants have clearly targeted the Texas market.

## III.    BACKGROUND

31.    Plaintiffs incorporate by reference paragraphs 1 through 30 of this Complaint and reallege them as though fully set forth herein.

### Nanophase Diamond Films

32.    Today, the use of "diamond-like coatings" is standard in a variety of industries, including the electronics industry.  The extreme hardness and optical transparency of diamond-like material makes it an ideal coating for a number of products, particularly those products that endure a great deal of friction and are required to maintain smooth, abrasion-resistant surfaces.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 17**

33.     In the early 1990's, "diamond-like coatings" were not widespread, nor well-characterized.  During these years, while employed by The University of Texas at Dallas, Plaintiffs dedicated significant effort to producing early versions of diamond-like material, characterizing its structure and properties, and even coining the term "nanophase diamond" to refer to their invention.  The "nanophase diamond films" developed by Plaintiffs in their lab possessed extremely desirable properties, including physical hardness, low electrical conductivity, high thermal conductivity, and optical transparency.  Plaintiffs recognized that their "nanophase diamond films" were unique inventions with the potential to be valuable additions to a number of commercial products.

### The '797 Patent

34.     On or about May 2, 1995 the United States Patent & Trademark Office issued U.S. Patent No. 5,411,797 entitled **"Nanophase Diamond Films"** (the "'797 Patent").  A copy of the '797 Patent is attached hereto as Exhibit A and incorporated herein for all purposes.

35.     Plaintiffs are the co-inventors of the subject matter claimed in the '797 Patent.

36.     Plaintiffs conceived of and reduced to practice the subject matter claimed in the '797 Patent while employed by The University of Texas at Dallas.  Conception and reduction to practice took place in the North Office Building of The University of Texas at Dallas, located near the intersection of Drive E and Rutford Avenue, in Richardson, Collin County, Texas, in this judicial district.

37.     All materials and documents concerning the conception and reduction to practice of the subject matter claimed in the '797 Patent are located at Farzin Davanloo's residence or the North Office Building of The University of Texas at Dallas, both located in Collin County, Texas.

38.     Plaintiffs own all rights, title and interest (including all rights to sue for past, present and future infringement) in the '797 Patent, by virtue of an assignment from The Board of Regents of The University of Texas System.

### The '650 Patent

39.     On or about December 26, 1995, the United States Patent & Trademark Office issued U.S. Patent No. 5,478,650 entitled **"Nanophase Diamond Films"** (the "'650 Patent").  A copy of the '650 Patent is attached hereto as Exhibit 2 and incorporated herein for all purposes.

40.     Plaintiffs are the co-inventors of the subject matter claimed in the '650 Patent.

41.     Plaintiffs conceived of and reduced to practice the subject matter claimed in the '650 Patent while employed by The University of Texas at Dallas.  Conception and reduction to practice took place in the North Office Building of The University of Texas at Dallas, located near the intersection of Drive E and Rutford Avenue, in Richardson, Collin County, Texas, in this judicial district.

42.     Plaintiffs own all rights, title and interest (including all rights to sue for past, present and future infringement) in the '650 Patent, by virtue of an assignment from The Board of Regents of The University of Texas System.

### Western Digital's Infringing Products

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 19**

43.    Western Digital is a manufacturer and seller of hard drives for use in computers, home entertainment products, servers, and other products.  Upon information and belief, all of Western Digital's hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### The Seagate Defendants' Infringing Products

44.    The Seagate Defendants are manufacturers and sellers of hard drives for use in computers,  consumer electronics devices, servers, mainframes, and other products. Upon information and belief, a substantial number of the Seagate Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives. Upon information and belief, these hard drives containing a DLC are infringing products.

### The Fujitsu Defendants' Infringing Products

45.    The Fujitsu Defendants are manufacturers and sellers of hard drives for use in computers and other products.  Upon information and belief, a substantial number of the Fujitsu Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### The Hitachi Defendants' Infringing Products

46.    The Hitachi Defendants are manufacturers and sellers of hard drives for use in computers and other products.  Upon information and belief, a substantial number of the Hitachi Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 20**

### The Toshiba Defendants' Infringing Products

47.     The Toshiba Defendants are manufacturers and sellers of a variety of computer products, including hard drives and computers containing hard drives.  Upon information and belief, a substantial number of the Toshiba Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives. Upon information and belief, these hard drives containing a DLC are infringing products.

### The Buffalo Defendants' Infringing Products

48.     The Buffalo Defendants are manufacturers and sellers of a variety of computer products, including hard drives.  Upon information and belief, a substantial number of the Buffalo Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.  Upon information and belief, these hard drives containing a DLC are infringing products.

### EMC's Infringing Products

49.     EMC is a manufacturer and seller of a variety of computer products, including hard drives and devices containing hard drives.  Upon information and belief, a substantial number of EMC's hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.  Upon information and belief, these hard drives containing a DLC are infringing products.

### Imation's Infringing Products

50.     Imation is a manufacturer and seller of a variety of computer products, including hard drives.  Upon information and belief, a substantial number of Imation's hard drives contain a diamond like coating ("DLC") that is central to the operation of the

hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### The La Cie Defendants' Infringing Products

51.    The La Cie Defendants are manufacturers and sellers of a variety of computer products, including hard drives.   Upon information and belief, a substantial number of the La Cie Defendants' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### Systemax's Infringing Products

52.    Systemax, individually and through its subsidiaries CompUSA and TigerDirect, is a retailer offering a variety of electronics and computer products, including hard drives and computers containing hard drives.   Upon information and belief, all of Systemax's hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.    Upon information and belief, these hard drives containing a DLC are infringing products.

### CompUSA's Infringing Products

53.    CompUSA is a retailer offering a variety of electronics and computer products, including hard drives and computers containing hard drives.   Upon information and belief, all of CompUSA's hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.    Upon information and belief, these hard drives containing a DLC are infringing products.

### J & R Electronics' Infringing Products

54.   J & R Electronics is a retailer offering a variety of electronics and computer products, including hard drives and computers containing hard drives.  Upon information and belief, all of J & R Electronics' hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### TigerDirect's Infringing Products

55.   TigerDirect is a retailer offering a variety of electronics and computer products, including hard drives and computers containing hard drives.  Upon information and belief, all of TigerDirect's hard drives contain a diamond like coating ("DLC") that is central to the operation of the hard drives.   Upon information and belief, these hard drives containing a DLC are infringing products.

### IV.   CAUSES OF ACTION

### Patent Infringement

56.   Plaintiffs incorporate by reference paragraphs 1 through 56 of this Complaint and reallege them as though fully set forth herein.

57.   Defendants have offered for sale, sold, and continue to sell and offer to sell, their infringing products in the United States of America and within this judicial district through established retailers.

58.   Defendants have infringed claims of the '797 and '650 Patents literally and/or under the doctrine of equivalents and/or by way of inducing infringement by others and/or contributing to the infringement by others of the '797 and '650 Patents, by, among other things, making, using, importing, offering to sell, and/or selling in the

United States of America hard drives, computers containing hard drives, and other products falling within the scope of one or more claims of the '797 and '650 Patents.

59.     The manufacture, importation, shipment, use, offer for sale and sale by Defendants of the infringing products, directly and through their established retailers, infringes the '797 Patent and the '650 Patent under 35 U.S.C. § 271(a).   The acts of Defendants causing and/or inducing others to sell, import and/or use the infringing products constitute acts of inducement to infringe the '797 Patent and the '650 Patent under 35 U.S.C. § 271(b), and further constitute contributory infringement of the '797 Patent and the '650 Patent under 35 U.S.C. § 271(c).

60.     Plaintiffs are being damaged and irreparably harmed by Defendants' infringement and are thus entitled to recover damages adequate to compensate them for the infringement complained of herein, but in no event less than a reasonable royalty.

61.     Defendants' infringement has injured and will continue to injure Plaintiffs, unless and until such infringement is enjoined by this Court.

## V.     COSTS AND ATTORNEYS' FEES

62.     Plaintiffs incorporate by reference paragraphs 1 through 62 of this Complaint and reallege them as though fully set forth herein.

63.     Plaintiffs are entitled to recover their costs and reasonable and necessary attorney's fees incurred herein under 35 U.S.C. §§ 284 and 285, for which they hereby sue.

## VI.     JURY DEMAND

64.     Plaintiffs request a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues triable of right by jury.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 24**

## VII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs ask for judgment against Defendants for the following:

A.      Adjudge that the '797 Patent and the '650 Patent are valid and enforceable;

B.      Adjudge that Defendants are infringing, and have infringed, and have contributed to and induced infringement of, the '797 Patent and the '650 Patent;

C.      Enjoin Defendants, and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns and all those acting for them and on their behalf, or acting in concert with them, from further infringement of the '797 Patent and the '650 Patent;

D.      Award compensatory damages to Plaintiffs, together with interest;

E.      That Defendants be cited to appear and answer herein and that upon final trial of this cause a permanent injunction issue as described above;

F.      Award Plaintiffs their attorneys' fees and costs of court incurred in connection with this action, pursuant to 35 U.S.C. §§ 284 and 285;

G.      Award Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

H.      Award such other and further relief as the Court deems just and proper.

Respectfully submitted on this 15th day of July, 2009.

JACKSON WALKER LLP

/s/ Elizabeth L. DeRiuex
Robert P. Latham
Attorney-in-Charge
Texas Bar No. 11975500
blatham@jw.com
John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
Sara K. Borrelli
Texas Bar No. 24037705
sborrelli@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

S. Calvin Capshaw
Texas Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas Bar No. 05770585
ederieux@capshawlaw.com
**CAPSHAW DERIEUX, L.L.P.**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:
T. Ling Chwang
Texas Bar No. 04250350
lchwang@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 26**