IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARL B. COLLINS and FARZIN DAVANLOO, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN DIGITAL TECHNOLOGIES, INC.; SEAGATE TECHNOLOGY; SEAGATE TECHNOLOGY LLC; FUJITSU LIMITED; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; HITACHI LTD.; HITACHI AMERICA, LTD.; HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.;  TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; BUFFALO, INC.; BUFFALO TECHNOLOGY (USA), INC.; EMC CORPORATION; IMATION CORP.; LA CIE, S.A.; LA CIE, LTD.; SYSTEMAX, INC.; COMPUSA.COM, INC.,  J & R ELECTRONICS, INC.; and TIGERDIRECT, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 2:09-CV-00219-TJW |

## **WESTERN DIGITAL TECHNOLOGIES, INC.'S**

## **ANSWER AND COUNTERCLAIMS TO THE COMPLAINT**

Defendant and Counterclaimant Western Digital Technologies, Inc. ("Western Digital") hereby answers the Complaint of Plaintiffs Carl B. Collins ("Collins") and Farzin Davanloo ("Davanloo") as follows:

### **PARTIES AND SERVICE OF CITATION**

1.      The allegations contained in paragraph 1 of the Complaint are not directed to Western Digital.  Western Digital is without knowledge or information

sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

2. The allegations contained in paragraph 2 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

3. Western Digital admits that it is a corporation duly organized under the laws of the State of Delaware, having its principal place of business at 20511 Lake Forest Dr., Lake Forest, California 92630. Western Digital admits that it maintains offices in Texas. Western Digital admits that it may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701. Except as expressly admitted herein, Western Digital denies each and every allegation contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

5. The allegations contained in paragraph 5 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

6. The allegations contained in paragraph 6 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

7. The allegations contained in paragraph 7 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information

sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

8. The allegations contained in paragraph 8 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

9. The allegations contained in paragraph 9 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

10. The allegations contained in paragraph 10 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

11. The allegations contained in paragraph 11 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

12. The allegations contained in paragraph 12 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

13. The allegations contained in paragraph 13 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

14. The allegations contained in paragraph 14 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information

sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

15. The allegations contained in paragraph 15 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

16. The allegations contained in paragraph 16 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

17. The allegations contained in paragraph 17 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

18. The allegations contained in paragraph 18 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

19. The allegations contained in paragraph 19 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

20. The allegations contained in paragraph 20 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

21. The allegations contained in paragraph 21 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information

sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

22. The allegations contained in paragraph 22 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

23. The allegations contained in paragraph 23 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

## NATURE OF ACTION, JURISDICTION AND VENUE

24. Western Digital admits that the Complaint purports to state a cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a) under the patent laws of the United States. Except as expressly admitted herein, Western Digital denies each and every allegation contained in paragraph 24 of the Complaint.

25. Western Digital admits that the Complaint purports to base venue on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Except as expressly admitted herein, Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore denies each and every allegation contained in paragraph 25 of the Complaint.

26. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. Western Digital admits that it is subject to this Court's personal jurisdiction. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted herein,

28.     Western Digital admits that it is one of the top two highest selling manufacturers of hard disk drives in the United States. Western Digital admits that it has no fewer than thirty-five (35) authorized retailers in the United States. To the extent that allegations in paragraph 28 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them. Paragraph 28 also states legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted herein, Western Digital denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 29 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 29 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

30.     Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 30 of the Complaint.

## BACKGROUND

31.     Western Digital incorporates each of the preceding paragraphs 1 to 30 as if fully set forth herein.

### Nanophase Diamond Films

32.     Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, and therefore denies them.

33. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint, and therefore denies them.

### The '797 Patent

34. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint, and therefore denies them.

35. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint, and therefore denies them.

36. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and therefore denies them.

37. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint, and therefore denies them.

38. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, and therefore denies them.

### The '650 Patent

39. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint, and therefore denies them.

40. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint, and therefore denies them.

41. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint, and therefore denies them.

42. Western Digital is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint, and therefore denies them.

### Western Digital's Allegedly Infringing Products

43. Western Digital admits that it is a manufacturer and seller of hard drives for use in computers, home entertainment products, servers, and other products. Except as expressly admitted herein, Western Digital denies each and every allegation contained in paragraph 28 of the Complaint.

### The Seagate Defendants' Allegedly Infringing Products

44. The allegations contained in paragraph 44 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### The Fujitsu Defendants' Allegedly Infringing Products

45. The allegations contained in paragraph 45 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### The Hitachi Defendants' Allegedly Infringing Products

46. The allegations contained in paragraph 46 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### The Toshiba Defendants' Allegedly Infringing Products

47. The allegations contained in paragraph 47 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### The Buffalo Defendants' Allegedly Infringing Products

48. The allegations contained in paragraph 48 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### EMC's Allegedly Infringing Products

49. The allegations contained in paragraph 49 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### Imation's Allegedly Infringing Products

50. The allegations contained in paragraph 50 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### The La Cie Defendants' Allegedly Infringing Products

51. The allegations contained in paragraph 51 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### Systemax's Allegedly Infringing Products

52. The allegations contained in paragraph 52 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information

sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### CompUSA's Allegedly Infringing Products

53. The allegations contained in paragraph 53 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### J & R Electronics' Allegedly Infringing Products

54. The allegations contained in paragraph 54 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### TigerDirect's Allegedly Infringing Products

55. The allegations contained in paragraph 55 of the Complaint are not directed to Western Digital. Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### CAUSES OF ACTION

### Patent Infringement

56. Western Digital incorporates each of the preceding paragraphs 1 to 55 as if fully set forth herein.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 57 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 57 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 58 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 58 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 59 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 59 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 60 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 60 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Western Digital denies each and every allegation contained in paragraph 61 of the Complaint that is directed to Western Digital. To the extent that allegations in paragraph 61 are not directed to Western Digital, Western Digital is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

## COSTS AND ATTORNEYS' FEES

62. Western Digital incorporates each of the preceding paragraphs 1 to 61 as if fully set forth herein.

63. Western Digital denies each and every allegation contained in paragraph 63 of the Complaint.

## JURY DEMAND

64. Western Digital admits that the Complaint purports to demand trial by jury of all issues triable of right by jury. Except as expressly admitted herein, Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and on that basis denies them.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

65. The Court lacks subject matter jurisdiction over the Complaint.

## SECOND AFFIRMATIVE DEFENSE

66. Collins and Davanloo lack standing to bring this action.

## THIRD AFFIRMATIVE DEFENSE

67. U.S. Patent No. 5,411,797 ("the '797 Patent") is invalid based on one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 282, and 291.

## FOURTH AFFIRMATIVE DEFENSE

68. U.S. Patent No. 5,478,650 ("the '650 Patent") is invalid based on one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 282, and 291.

## FIFTH AFFIRMATIVE DEFENSE

69. Collins and Davanloo are estopped, by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the pendency of the application for the '797 Patent, from construing any claim of that patent to have been infringed by Western Digital.

### SIXTH AFFIRMATIVE DEFENSE

70. Collins and Davanloo are estopped, by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the pendency of the application for the '650 Patent, from construing any claim of that patent to have been infringed by Western Digital.

### SEVENTH AFFIRMATIVE DEFENSE

71. Collins' and Davanloo's claims for relief are barred by the doctrines of acquiescence, estoppel, waiver, laches, and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

72. 35 U.S.C. § 287 limits recovery of damages, if any, by Collins and Davanloo.

### NINTH AFFIRMATIVE DEFENSE

73. Collins' and Davanloo's purported claims are barred because they fail to state a claim upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

74. Collins and Davanloo are not entitled to injunctive relief because any injury to Collins and Davanloo is not immediate or irreparable, and Collins and Davanloo have an adequate remedy at law.

Western Digital reserves the right to add defenses which may be supported by facts obtained hereafter and upon the completion of discovery.

### PRAYER FOR RELIEF ON COLLINS' AND DAVANLOO'S COMPLAINT

WHEREFORE, Western Digital prays for judgment against Collins and Davanloo on Collins' and Davanloo's Complaint, as follows:

A. That Collins and Davanloo take nothing by their claims for relief;

B. That Collins' and Davanloo's claims for relief be dismissed with prejudice;

C. That the Court enter judgment against Collins and Davanloo and in favor of Western Digital in all respects;

    D.    That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and award attorneys' fees and costs to Western Digital in this action; and

    E.    For such other and further relief as the Court deems just and equitable.

## WESTERN DIGITAL'S COUNTERCLAIMS

Western Digital brings these Counterclaims against Collins and Davanloo pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '797 PATENT

75.    Western Digital incorporates by reference paragraphs 1 to 74 above.

76.    This is a cause of action for declaratory judgment of invalidity, non-infringement, and unenforceability of the claims of U.S. Patent No. 5,411,797 ("the '797 Patent").

77.    This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because Collins and Davanloo have accused Western Digital of infringing the '797 Patent.

78.    Western Digital Technologies, Inc. ("Western Digital") is a corporation of the State of Delaware having a place of business at 20511 Lake Forest Drive, Lake Forest, California, 92630.

79.    Western Digital is informed and believes, and on that basis alleges, that Carl B. Collins is an individual having a principal residence at 1216 Glen Cove, Richardson, Texas  75080.

80.    Western Digital is informed and believes, and on that basis alleges, that Farzin Davanloo is an individual having a principal residence at 5724 Twin Brooks Dr., Dallas, Texas  75252.

81.    A justiciable case or actual controversy has arisen and exists between Collins and Davanloo, on the one hand, and Western Digital.

82. Collins and Davanloo claim to be the co-inventors and co-assignees of the '797 Patent.

83. In the Complaint filed in the present action, Collins and Davanloo have accused Western Digital of infringing the '797 Patent. On information and belief, Collins and Davanloo contend that the '797 Patent is valid.

84. Western Digital has not infringed and is not now infringing any claim of the '797 Patent, either literally or under the doctrine of equivalents, and has not contributorily infringed, and has not induced infringement of the '797 Patent.

85. The '797 Patent is invalid based on one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

86. The '797 Patent is unenforceable because of unreasonable and unexplained delay in prosecution leading to the '797 Patent.

87. The claims of the '797 Patent are unenforceable against Western Digital under the doctrines of acquiescence, estoppel, laches, waiver, and unclean hands.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '650 PATENT

88. Western Digital incorporates by reference paragraphs 1 to 87 above.

89. This is a cause of action for declaratory judgment of invalidity, non-infringement, and unenforceability of the claims of U.S. Patent No. 5,478,650 ("the '650 Patent").

90. A justifiable case or controversy has arisen and exists between Collins and Davanloo, on the one hand, and Western Digital.

91. Collins and Davanloo claim to be the co-inventors and co-assignees of the '650 Patent.

92.     In the Complaint filed in the present action, Collins and Davanloo have accused Western Digital of infringing the '650 Patent. On information and belief, Collins and Davanloo contend that the '650 Patent is valid.

93.     Western Digital has not infringed and is not now infringing any claim of the '650 Patent, either literally or under the doctrine of equivalents, and has not contributorily infringed, and has not induced infringement of the '650 Patent.

94.     The '650 Patent is invalid based on one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

95.     The '650 Patent is unenforceable because of unreasonable and unexplained delay in prosecution leading to the '650 Patent.

96.     The claims of the '650 Patent are unenforceable against Western Digital under the doctrines of acquiescence, estoppel, laches, waiver, and unclean hands.

## **PRAYER FOR RELIEF ON WESTERN DIGITAL'S COUNTERCLAIMS**

WHEREFORE, Western Digital prays for judgment against Collins and Davanloo on Western Digital's Counterclaim, as follows:

A.      For the dismissal of Collins' and Davanloo's Complaint with prejudice;

B.      For a declaration that Western Digital has not infringed, induced others to infringe, or contributed to the infringement of any of the claims of the '797 Patent;

C.      For a declaration that Western Digital has not infringed, induced others to infringe, or contributed to the infringement of any of the claims of the '650 Patent;

D.      For a declaration that the '797 Patent is invalid;

E.      For a declaration that the '650 Patent is invalid;

F.      For a declaration that the '797 Patent is unenforceable;

G. For a declaration that the '650 Patent is unenforceable;

H. For a determination that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to Western Digital in this action; and

I. For such other and further relief as the Court deems just and equitable.

**<u>DEMAND FOR JURY TRIAL</u>**

Western Digital hereby demands a jury trial on all issues.

Respectfully submitted,

Melissa Richards Smith
(melissa@gillamsmithlaw.com)
Lead Attorney
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (facsimile)

Scott D. Baskin, P.C. (pro hac vice)
(sbaskin@irell.com)
David C. McPhie (pro hac vice)
(dmcphie@irell.com)
Sandra L. Haberny (pro hac vice)
(shaberny@irell.com)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA 92660
(949) 760-0991
(949) 760-5200 (facsimile)

ATTORNEYS FOR DEFENDANT
WESTERN DIGITAL
TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 23, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                    */s/ Melissa R. Smith*